**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**NORTHERN DIVISION**

| | |
|---|---|
| **RAY MANWARREN** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 11-963-JPG/DGW |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **UNITED REVENUE CORP.** ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve Defendant at: ) | |
| Vice President Guy Davis or Registered Agent ) | |
| 204 Billings, Suite 120 ) | |
| Arlington, TX 76010 ) | |

**COMPLAINT**

COMES NOW, Plaintiff, Ray Manwarren, and for his Complaint states as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and for Defendant's violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.* and for Defendant's violations of the Illinois Collection Agency Act, 225 ILCS 425 *et seq.* (hereinafter "ICAA").

2. Plaintiff demands a jury trial on all issues so triable.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d).

4. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

5. This Court has jurisdiction of the ICAA claim under 225 ILCS 425/9.

1

6. Venue is appropriate in this Court because Defendant directed its collection activity to St. Clair County, Illinois and violated the FDCPA and TCPA in St. Clair County, Illinois as described herein.

**PARTIES**

7. Plaintiff is a natural person currently residing in St. Clair County, Illinois. Plaintiff is a "consumer" within the meaning of the FDCPA, TCPA, and ICAA. The alleged debt at issue in this action arises out of consumer, family, and household transactions.

8. Defendant is a foreign corporation with its principal place of business located in Arlington, Texas.

9. The principal business purpose of Defendant is the collection of debts in Illinois and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

10. At all times relevant, Defendant has not been licensed in Illinois in accordance with the ICAA.

11. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

**FACTS**

*Defendant's Telephone Conduct*

12. Beginning in or about August, 2011, Defendant began to attempt to collect the debt by calling Plaintiff's cellular telephone.

13. From August, 2011 to the date of this Petition, Defendant, to the best of Plaintiff's knowledge, called more than ten times.

14. Sometimes, Defendant would place more than one phone call to Plaintiff's cellular phone in a single day.

15. When Defendant called, it would leave a voice message for Plaintiff.

16. For example, Defendant left a message on or about September 30, 2011 that stated Defendant was calling about a "confidential business matter."

17. The September 30 message and the other messages failed to provide Defendant's identity and failed to identify Defendant as a bill collector.

18. Based upon Plaintiff's best recollection, Defendant has never provided him with any mailings or documentation associated with the debt.

19. Accordingly, Defendant has failed to send the requisite §1692g notices to Plaintiff within five days of Defendant's original collection communication with Plaintiff.

20. Defendant continues to call Plaintiff on his cellular phone and leaves messages identical or similar to the one described above.

21. Defendant used an automatic telephone dialing system, as defined by 47 USC 227(a)(1), to make all of its calls Plaintiff's cellular phone.

22. Upon information and belief, Defendant calls Plaintiff using multiple outgoing numbers, including but not limited to 888-869-7091 so that Plaintiff will not be able to tell that it was Defendant making the calls.

23. Defendant knew that Plaintiff would be less likely to answer the call or return the voice mail message if Plaintiff knew Defendant was a bill collector, so Defendant attempted to conceal its identity when calling Plaintiff in order to bait and deceive Plaintiff into contacting Defendant.

24. Defendant's calls were not for an emergency purpose and Plaintiff never authorized Defendant to contact his cell phone.

25. Plaintiff was charged for Defendant's phone calls.

26. Defendant's conduct caused Plaintiff to incur actual monetary damages including but not limited to cellular telephone bills and charges.

## COUNT I: VIOLATIONS OF FDCPA and ICAA

27. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

28. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692a-j, et. seq.*, and the ICAA, 225 ILCS 425/9, including, but not limited to, the following:

a. Defendant was not licensed to collect debts in Illinois pursuant to 225 ILCS 425/9 et seq.

b. Defendant failed to identify itself as a debt collector. 15 U.S.C. §1692d,e;

c. Defendant Failed to send the Plaintiff a validation notice within five days of the initial communication. 15 U.S.C. §1692g;

d. Defendant engaged in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt including but not limited to multiple phone calls per day. 15 U.S.C. § 1692d-f; 225 ILCS 425/9(16, 19, 31);

e. Defendant used unfair and unconscionable practices to attempt to collect the debt. 15 U.S.C. §1692f;

f. Defendant caused Plaintiff to incur charges by concealment including cellular telephone charges. 15 U.S.C. § 1692d.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and in favor of Plaintiff and the class for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Attorneys' Fees;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

29. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

30. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a. Placing numerous autodialed non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff, causing Plaintiff to be charged for incoming calls in violation of 47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant and in favor of Plaintiff and the class for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Attorneys' Fees;

D. Statutory damages pursuant to 47 USC (b)(3); and

E. For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

  /s/ Richard A. Voytas, Jr.

**JAMES W. EASON, #6281329**
**RICHARD A. VOYTAS, JR. #6279483**
**Eason & Voytas, LLC**
**1141 South Seventh Street**
**St. Louis, Missouri 63104**
**Phone: (314) 304-9444;(314) 600-3323**
**Fax:    (314) 667-3161**